GARRISON, Judge.
This is an appeal from a judgment of the district court rendered on December 13, 1982, granting judgment as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there by judgment herein in favor of defendants, Michael Chaisson, Affiliated Foods, Inc. and Aetna Insurance Co. and against plaintiff Honie Ann Her-quet dismissing plaintiffs suit.” From that judgment, which we affirm, plaintiff appeals.
The trial judge further provided the following written reasons for judgment:
“The record in this ease is devoid of any proof of negligence by Michael Chaisson. The record amply supports defendants’ contention that the cause of plaintiffs injuries was the negligence of Norman P. Ford. It is regrettable that Mr. Ford is not able to respond in damages to compensate the innocent victim of his negligent conduct.”
FACTS
On July 30, 1980, plaintiff Honie Herquet was a guest passenger on a motorcycle owned and driven by defendant Norman P. Ford. Michael P. Chaisson was driving a rental truck owned by Ryder Truck Rental Service. It is conceded that at the time of the accident Chaisson was acting in the scope of his employment and on behalf of his employer, Affiliated Foods, Inc.
On July 30, at approximately 6:10 p.m. plaintiff and defendants were involved in an accident at the intersection of Canal Street and Roman Street in New Orleans. Defendant Chaisson was driving an eighteen wheel tractor-trailer in a lakebourid direction on Canal Street, a non-truck route. At the Roman Street intersection, Chaisson began to execute a left turn from the center lane. The driver of the motorcycle, Norman Ford, applied his brakes and the motorcycle skidded over one hundred feet. There was no impact between the motorcycle and the truck. Plaintiff Honie Herquet, a guest passenger on the motorcycle was rendered unconscious. Both defendants received traffic citations, Ford for reckless operation and Chaisson for improper lane usage.
On appeal, plaintiff raises the following specifications of error:
“1. There was at least slight negligence on the part of the tractor-trailer driver, Michael Chaisson, which contributed in someway to the damages and injureis sustained by the Appellant to her person.
2. Michael Chaisson, the tractor-trailer driver was at all times acting with in the course and scope of his employment which would result in his employer and his employers’ insurance carrier being held responsible for Mr. Chaisson’s negli-gences.
3. All of the appellees are liable to the Appellant IN SOLIDO.” (Plaintiff’s brief, p. 2). •
■ Turning to the first issue presented, we note that plaintiff testified that the truck “cut” in front of the motorcycle, giving a turn signal as it moved in front of the bike, thus forcing Norman Ford to take sudden evasive action. Defendant testified that he was travelling in the left lane, changed to the middle lane, activated his left turn signal well in advance, and had completely stopped, having successfully negotiated the turn, all prior to the time when he first heard the sound of the motorcycle’s commencement of the skid. The investigating officer testified that from the location of the truck, which had not been moved prior to his arrival, the truck had successfully completed the turn. Defendant’s accident reconstruction expert testified that Norman P. Ford must have been speeding in order to leave skid marks of such length on that roadway.
Upon our independent review of the evidence and testimony presented, we cannot conclude that the trial court was manifestly erroneous in its factual determinations. Cantor v. Koehring Co., 283 So.2d 716 (La., 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978).
*436 Turning to issues of law presented, the trial judge found total negligence on the part of Norman Ford. From the service returns contained in the record, it appears that Ford may not have been served. There is -no return for Ford indicating either that he had been served or had not been served, although plaintiff had requested service on her petition. Thus, there is no judgment dealing with Ford. Plaintiff argues that Ford and Chaisson are debtors in solido to plaintiff as joint tort feasors. The trial judge’s specific findings, however, that Chaisson was not negligent, specifically excludes a finding that he is a joint tortfeasor. It could conceivably be argued that “but for” Chaisson’s truck blocking the lane, the motorcycle driver would have not attempted to stop, thus injuring Herquet, as plaintiff is attempting to argue in the instant case, however Chaisson is not a joint tortfeasor.
While Chaisson’s legitimate actions gave rise to the situation, they are not grave enough to be deemed “negligence” under the old law. The comparative negligence scheme became effective August 1, 1980 or two days after the instant accident on July 30, 1980. While under comparative the case could potentially have reached an opposite result, comparative negligence was not in effect at the time.
Having affirmed the actions of the trial court on this issue, it is unnecessary to address plaintiff’s other specifications of error.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.